Argued April 1, ballot title revised April 4, 1974

## SALMON FOR ALL, INC. ET AL, *Petitioners, v.* MYERS, *Respondent, and* SAVE OREGON'S RAINBOW TROUT, INC., *Intervenor.*

520 P2d 436

*Lloyd W. Weisensee,* Portland, argued the cause for petitioners. With him on the briefs were Peter C. McCord, and Fredrickson, Tassock, Weisensee, Barton & Cox, Portland.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Don S. Willner,* Portland, argued the cause for intervenor. With him on the brief was Willner, Bennett, Meyers, Riggs & Skarstad, Portland.

PER CURIAM.

Intervenor, Save Oregon's Rainbow Trout, Inc., filed a proposed initiative measure with the Secretary of State.[1] Thereafter, the Secretary of State transmitted the proposed measure to the Attorney General for the purpose of drafting a ballot title for it. The Attorney General drafted a ballot title and returned it to the Secretary of State.[2] The petitioners, Salmon For All, Inc., and Lindstrom, filed a petition contending the ballot title so drawn was "insufficient or unfair"[3] and proposed a substitute ballot title.

The proposed measure would repeal and replace ORS 509.030 which provides that steelhead are game fish and recognizes they are intermingled with food fish in the Columbia River. It also provides that the Fish Commission shall use all reasonable means to regulate the incidental catch of steelhead taken by commercial fishing gear consistent with continuing an optimum commercial catch. In addition, it provides that any steelhead taken as an incidental catch by commercial fishing may be bought, sold and processed for commercial purposes.

The proposed measure with which the intervenor seeks to replace the present statute is as follows:

"Title—Relating to rainbow trout; creating new provisions; and repealing ORS 509.030.

"Be it enacted by the People of the State of Oregon:

"Section 1—ORS 509.030 is repealed and Section 2 of this act is enacted in lieu thereof.

[1] See ORS 254.030.
[2] See ORS 254.060.
[3] See ORS 254.077.

"Section 2—(1) It shall be the policy of the State of Oregon that rainbow trout, Salmo gairdneri, including steelhead trout are game fish, and shall be managed to provide recreational angling for the people and to protect wild native stocks. Recognizing that rainbow trout are sometimes intermingled with food fish, the Fish Commission of Oregon shall regulate to minimize the incidental catch of rainbow trout that may be taken under subsection (2) of this section by commercial fishing gear, including but not limited to regulations as to season, gear and area.

"(2) Any rainbow trout, Salmo gairdneri, including steelhead trout taken as an incidental catch, by any person fishing commercially may be possessed for the purpose of delivery to the state but shall not be bought or sold within the state. Such fish shall be distributed to city, county, or state institutions within Oregon or to charitable organizations in such manner as the State Wildlife Commission prescribes.

"(3) Nothing in this act is intended to affect Indian fishing rights as granted by federal treaties."

The ballot title prepared by the Attorney General and transmitted to the Secretary of State for the proposed initiative measure is as follows:

### "PROTECTS RAINBOW TROUT AS GAME FISH

"Declares rainbow trout including steelhead trout to be game fish to be managed for recreational angling and to protect wild native stocks. Directs Fish Commission to minimize incidental catch by commercial fishing gear. Commercially taken rainbow trout are state property, must be delivered to the state, and shall not be bought or sold in Oregon. Wildlife Commission shall prescribe manner of distributing such fish to public institutions or charities. Indian treaty fishing rights not affected."

The ballot title which petitioner seeks to substitute for the one proposed by the Attorney General is as follows:

"PROHIBITS COMMERCIAL FISHING OF ANADROMOUS STEELHEAD

"Repeals ORS 509.030, which permits incidental commercial catch of steelhead during commercial salmon fishing seasons on the Columbia River, consistent with protecting the optimum catch and ultimate supply. Declares steelhead a game fish to be managed for recreational angling. Directs Fish Commission to minimize incidental commercial catch by regulating commercial fishing season, gear and area. Declares commercially taken steelhead property of State which shall be distributed to public or charitable institutions."

Petitioners complain, principally, about two things. The first is that the electorate is not told that there is presently no commercial fishing except in the Columbia River and, therefore, the prevention of the commercial use of steelhead from that river alone is the object of the measure. We are not impressed with petitioners' contention because other rivers can be opened to commercial fishing by the legislature and if this occurs, without other provisions being made, the proposed measure would apply to steelhead commercially caught in those streams.

We are impressed with petitioners' second contention. Petitioners claim that the use of the term "rainbow trout" is confusing and misleading. Rainbow trout come in two categories: seagoing and non-seagoing. In common parlance the seagoing rainbow is known as a steelhead and the non-seagoing as a rainbow trout. Intervenor admitted in argument in response to questioning by the court that the only rainbow trout

that is taken by commercial fishing is the one that goes to sea. Non-seagoing trout do not inhabit commercial fishing waters of the state in any quantity. In addition, it is apparent that the statute which the initiative measure proposes to replace deals principally with steelhead as distinguished from non-seagoing rainbows. Intervenor counters with the argument that the proposed statute as drawn covers both seagoing and non-seagoing rainbows and the policy statements concerning recreational angling and protection of wild native stocks apply to all rainbow trout, whatever their proclivities. However, when the remedial part of the proposed statute is referred to, we see that this part of the proposed measure is concerned with those trout which are found commingled with food fish and which are taken by commercial fishing. These are the ones with seagoing proclivities which are known as steelhead.

The statute which directs what shall go into the ballot title requires that the caption be in the words by which the measure is *commonly referred to* and that the body of the title shall state the *chief purpose*. ORS 254.070 provides in part as follows:

"* * * The ballot title shall consist of a caption not exceeding six words in length by which the measure is commonly referred to or spoken of, followed by an abbreviated statement not exceeding 75 words in length of the chief purpose of the measure * * *."

The principal purpose of the proposed statute is the protection of seagoing rainbow trout by the prevention of their use commercially. Such trout are commonly known as "steelhead" and should, therefore, be referred to as such. Because those rainbow trout that go to sea grow to enormous size as compared to those

which do not, probably a majority of the electorate is not aware that both are of the same species (with, perhaps, some genetic difference) and, therefore, would be confused as to the "chief" purpose of the statute by the indiscriminate use of the term "rainbow trout" in the ballot title.

We direct the Secretary of State to place the proposed initiative measure upon the ballot with the following title:

"PROHIBITS PURCHASE OR SALE OF
STEELHEAD

"Declares it to be the policy of the state to manage steelhead and other rainbow trout for recreational angling and to protect wild native stocks. Recognizes that steelhead intermingle with food fish and directs regulation to minimize incidental catch of steelhead by commercial gear. Prohibits purchase or sale of such incidental catch and directs delivery to state for distribution to public institutions or charitable organizations. Indian treaty fishing rights not affected. Repeals ORS 509.030."